# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Shawna Robinson, | ) | |
| | ) | |
| Plaintiff, | ) | C/A No. 2:20-cv-01659-MBS |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| Andrew Saul, | ) | |
| Commissioner of the | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

On April 28, 2020, Plaintiff Shawna Robinson ("Plaintiff") filed the within action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of a final decision of Defendant Commissioner of Social Security (the "Commissioner") denying her claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI").

Plaintiff filed her DIB and SSI applications on June 21, 2017, alleging disability beginning June 1, 2017, at the age of 39. Plaintiff alleged disability due to Sjogren's syndrome, fibromyalgia, diabetes, high cholesterol, high blood pressure, heart condition, over-active bladder, back pain, anxiety, and hearing problems. Plaintiff's applications were denied initially and again upon reconsideration. An Administrative Law Judge ("ALJ") presided over a hearing held on January 29, 2019 and issued an unfavorable decision on May 8, 2019. She determined that Plaintiff has severe impairments of Sjogren's syndrome, arthropathy, right knee disorder status post arthroscopic right knee surgery, obesity, urinary incontinence due to a congenitally small bladder, and bilateral hearing loss. ECF No. 10-2 at 20. However, she found that while these impairments

"could reasonably be expected to cause the alleged symptoms[,] . . . [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record . . . ." *Id.* at 31. Thus, the ALJ concluded that Plaintiff was not under a disability within the meaning of the Social Security Act. Plaintiff filed a request for review of the ALJ's decision, which the Appeals Council denied. Plaintiff thereafter appealed the decision to this court.

On September 28, 2020, Plaintiff filed her brief challenging the ALJ's decision on the following grounds: the ALJ failed to consider the side effects of Plaintiff's medications; the ALJ failed to properly account for Plaintiff's bilateral hearing loss in formulating Plaintiff's residual functional capacity; the ALJ failed to "properly account for Plaintiff's bladder incontinence and off-task time due to changing of Depends and self-catheterization"; and the ALJ failed to properly consider the opinion of Plaintiff's treating rheumatologist. ECF No. 11. The Commissioner filed his response to Plaintiff's brief on November 5, 2020. ECF No. 12.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02 (D.S.C.), this matter was referred to United States Magistrate Judge Mary Gordon Baker for a Report and Recommendation ("Report"). On June 11, 2021, the Magistrate Judge filed her Report recommending that the court reverse the Commissioner's decision to deny benefits and remand for further consideration. ECF No. 14. The Magistrate Judge agreed with Plaintiff that the ALJ failed to consider whether Plaintiff's incontinence could result in time spent off-task during a normal work day. *Id.* at 6-9 (". . . the Commissioner may be correct that Plaintiff's time off-task due to incontinence can be accommodated with

2

regular breaks during an 8-hour workday[,] [h]owever, the ALJ does not make this conclusion in her opinion, nor does she state that she found Plaintiff's testimony regarding her incontinence to be inconsistent with medical or other evidence in the record"). The Magistrate Judge concluded that the ALJ's failure to address the question precluded the court from performing a meaningful review. The Magistrate Judge declined to address Plaintiff's additional arguments, noting the result of a remand could render them moot. On June 24, 2021, the Commissioner filed a notice informing the court he did not intend to object. ECF No. 15.

This matter is now before the court for review of the Magistrate Judge's Report. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court reviews de novo only those portions of a magistrate judge's report and recommendation to which specific objections are filed and reviews those portions which are not objected to—including those portions to which only "general and conclusory" objections have been made—for clear error. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Opriano v. Johnson*, 687 F.2d 44, 77 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

Notwithstanding the Commissioner's notice of no objection, the court has thoroughly reviewed the record and concurs in the Magistrate Judge's recommendation. The court adopts the Report, ECF No. 14, and incorporates it herein by reference.

The Commissioner's final decision of no disability is **REVERSED** pursuant to sentence four of 42 U.S.C. § 405(g) and the case is **REMANDED** for further consideration.

    **IT IS SO ORDERED.**

/s/Margaret B. Seymour
Margaret B. Seymour
Senior United States District Judge

July 14, 2021
Charleston, South Carolina